IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CALVIN L. JOHNSON,<br><br>Defendant. | Case No. 24-cr-20068-HLT-TJJ |

### ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY

This matter comes before the Court on Defendant's "Discovery Request for Admissions" (ECF No. 33) ("Motion"). The Government filed its Response in Opposition to the Request for Admissions (ECF No. 35). For the reasons explained below, the Motion is denied.

In his Motion, Defendant propounds 27 requests for admission to the Government. The Government objects to the Motion, arguing Defendant is attempting to utilize the Federal Rules of *Civil* Procedure, which are not applicable in criminal cases such as this, to serve discovery requests that are not allowed in this criminal case. The Court agrees with the Government.

Federal Rule of Criminal Procedure 16 governs discovery and inspection in criminal cases. Although the language in Rule 16 is permissive, a defendant may not use the rule to engage in a fishing expedition.[1] Rule 16(a)(1)(A)-(G) sets out seven categories of information the Government must disclose to a defendant upon request, subject to certain conditions or limitations.[2] Rule 16

---

[1] *United States v. Burton*, 81 F. Supp. 3d 1229, 1244 (D.N.M. 2015).

[2] These categories include: defendant's oral statement; defendant's written or recorded statement; a corporate defendant's oral, written or recorded statements; defendant's prior record; documents and objects; reports of examinations and tests; and expert witness information.

thus contemplates the Government will disclose information and produce documents within these categories, however there is no provision within Rule 16 that would require the Government to answer interrogatories or requests for admissions propounded by a defendant. Nor do Defendant's Requests for Admissions appear to request information that falls within any of the seven categories set out in Rule 16(a)(1)(A)-(G).

To the extent Defendant intends to rely upon the Federal Rules of Civil Procedure as support to require the Government to answer his Requests for Admissions in this criminal case, that contention is unavailing. Defendant makes no argument and cites no authority that would support that conclusion. Fed. R. Crim. P. 16 does not incorporate the Federal Rules of Civil Procedure into the discovery rule that governs criminal cases. Indeed, "the civil rules allow for significantly broader discovery than their criminal counterparts."[3]

For these reasons, the Court denies Defendant's Motion (ECF No. 33).

IT IS SO ORDERED.

Date: June 30, 2025

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

---

[3] *S.E.C. v. Nicholas,* 569 F. Supp. 2d 1065, 1072 (C.D. Cal. 2008) (noting that "a number of courts have rejected a criminal defendant's attempt to use civil discovery mechanisms to obtain disclosure that are otherwise unavailable under the criminal rules") (citations omitted).